IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TEDRICK DEWAYNE MORGAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-245 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN STATE CUSTODY**

Petitioner TEDRICK DEWAYNE MORGAN filed with this Court two petitions for Writ of Habeas Corpus by a Person in State Custody challenging his two convictions out of the 181st Judicial District Court of Randall County, Texas, for the felony offenses of burglary of a habitation and unlawful possession of a firearm by a felon and the resultant, concurrent 25-year sentences. The petitions were consolidated into this cause number on August 18, 2015. *See Morgan v. Stephens*, Cause No. 2:15-CV-249 [ECF 6]. For the reasons set forth below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On April 3, 2013, petitioner was charged by indictment in Cause No. 24,033-B with the offense of burglary of a habitation, enhanced [ECF 11-4 at 94] and in Cause No. 24,035-B with

the offense of unlawful possession of a firearm by a felon, enhanced [ECF 11-9 at 94]. Petitioner waived his rights in both cases and pursuant to a plea bargain agreement, entered pleas of guilty on September 24, 2014. [ECF 11-4 at 96, 98; 11-9 at 97, 99]. The same date the trial court sentenced petitioner to two concurrent terms of twenty-five years in prison. *See State v. Morgan*, No. 24,033-B and *State v. Morgan*, No. 24,035-B. [*Id.* at 105-07; 106-08]. Petitioner did not appeal.

Petitioner sought collateral review of his Potter County convictions by filing state habeas corpus petitions. On January 21, 2015, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order. *In re Morgan*, Nos. 82,556-01, 82,556-02. [ECF 11-1; 11-5].

On August 5, 2015, petitioner deposited the instant federal habeas petitions in the prison mail system. On September 15, 2015, respondent filed her answer.

II.
PETITIONER'S ALLEGATIONS[1]

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1. His trial counsel provided ineffective assistance by:

   a. helping the prosecutor facilitate a search warrant;
   b. withholding favorable evidence from him;
   c. allowing him to provide DNA in response to an illegal search warrant;
   d. failing to investigate witnesses and conflicting police reports; and
   e. coercing him to plead guilty;

2. The evidence is insufficient to support the convictions;

3. His DNA was obtained pursuant to an illegal search and seizure in violation of the Fourth Amendment;

---

[1] Petitioner's allegations in both cases are identical and because the Court has consolidated these cases, it will address the claims together.

4. His Fifth Amendment right against self-incrimination was violated because he was intoxicated and high on cocaine when he waived his Miranda rights; and

5. His indictment was falsified because no evidence was presented to the grand jury with the complaint.

### III.
### STANDARD OF REVIEW

In her September 15, 2015 answer, respondent thoroughly and accurately briefed statutory and case law regarding both the applicable standards of review under 28 U.S.C. §2254 proceedings and claims of ineffective assistance of counsel. [ECF 13 at 5-8, 9-11]. The Court will not repeat respondent's recitation regarding these standards of review, as they are well established in habeas corpus law.

### IV.
### MERITS

#### A.
#### Ineffective Assistance of Counsel

By his first and third claims of ineffective assistance of counsel petitioner argues his trial counsel helped the prosecutor facilitate a search warrant and argues counsel allowed him to provide DNA in response to an illegal search warrant. As represented by respondent, trial counsel provided an affidavit in the state habeas proceedings and therein testified that petitioner was a proponent of the DNA testing because he felt the test would exonerate him. [ECF 11-4 at 61]. Moreover, a note in the state habeas record appears to memorialize a phone conversation between trial counsel and the prosecutor, wherein trial counsel notes,

> [The prosecutor] wants consent to swab [petitioner] so he can test it against DNA on the jacket. If no consent, he'll just get a warrant. Told [the prosecutor] he would have to get a warrant so my client didn't think I was trying to sell him out but that I might could facilitate getting the warrant executed.

[*Id*. at 26]. Petitioner relies on this statement to show collusion between counsel and the prosecutor.

However, Petitioner has failed to meet his burden of proof. An ineffective assistance of counsel claim requires petitioner to show that his counsel's performance was both deficient and prejudicial under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Moreover, when a state prisoner asks a federal court to set aside a conviction or sentence due to ineffective assistance of counsel, the federal court is required to use the "doubly deferential" standard of review that credits any reasonable state court finding of fact or conclusion of law and that presumes defense counsel's performance fell within the bounds of reasonableness. *Burt v. Titlow,* ___ U.S. ___, 134 S.Ct. 10, 13, 187 L. Ed. 2d 348 (2013). Petitioner has failed to show the warrant at issue was illegal. Further, while petitioner's counsel appears to have agreed to facilitate the service of a warrant, the record shows that the warrant was going to be served with or without his assistance; thus, the statement does not prove collusion with the State nor does it provide proof of ineffective assistance as required by *Strickland*. Petitioner's claim in this regard should be denied.

Additionally, petitioner accepted the State's plea offer in this case and pleaded guilty. By doing so, petitioner waived the claims he asserts herein. Challenges to guilty plea convictions are limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea. *See Hill v. Lockhart*, 474 U.S. 52, 56–57 (1985); *Diaz*, 718 F.2d at 1376–77. The scope of a claim waived by a valid guilty plea relates to all claims of ineffective assistance of counsel, except those related to the voluntariness of the guilty plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983)). Although

petitioner purports to raise a claim as to the voluntariness of his plea, couched in the terms that his counsel coerced him into pleading guilty, such claim is procedurally barred as discussed below.

By his second, fourth and fifth claims of ineffective assistance petitioner alleges counsel withheld favorable evidence from him, failed to investigate witnesses and conflicting police reports and coerced him to plead guilty. The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059 (1989). In order to satisfy the federal exhaustion requirement, petitioner must fairly present to the **highest** state court **each** constitutional claim he wishes to assert in his federal habeas petition. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the State of Texas, the Court of Criminal Appeals in Austin, Texas is the highest court that has jurisdiction to review a petitioner's confinement. Tex. Code Crim. Proc. art. 44.45 (Vernon 2016). Claims may be presented to that court through an application for a writ of habeas corpus, *see* Tex. Code Crim. Proc. art. 11.01 et seq. (Vernon 1999), or on direct appeal by a petition for discretionary review (PDR). As argued by respondent, petitioner would be cited for abuse of the writ were he now to attempt to present these claims in a writ of state habeas; therefore, the claims are procedurally barred. Stated another way, petitioner would be precluded, by the Texas abuse of the writ doctrine, from raising his unexhausted allegations in a future state habeas application. *See* Tex. Code Crim. Proc. Art. 11.07 § 4. If a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (quoting

*Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997)), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Because petitioner failed to exhaust these three ineffective assistance of counsel claims, they are procedurally defaulted. Consequently, these particular claims should be denied.

B.
Sufficiency of the Evidence

By his second ground petitioner claims there was insufficient evidence to support the convictions. However, as cited by respondent, a plea of guilty does not require a prerequisite offer of evidence. [Respondent's Answer, ECF 13 at 17 (citing *Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986))]. Petitioner pleaded guilty to the offenses at issue herein; thus, his claims of sufficiency of the evidence are not proper for federal habeas review. [*Id*. at 17-18 citing *Smith*, 786 F.2d at 703]. Petitioner's claim as to insufficient evidence should be denied.

C.
Waiver of Third, Fourth and Fifth Claims

By his third, fourth and fifth claims, petitioner argues his DNA was obtained pursuant to an illegal search and seizure in violation of the Fourth Amendment, his Fifth Amendment right against self-incrimination was violated because he was intoxicated and high on cocaine when he waived his Miranda rights, and his indictment was falsified because no evidence was presented to the grand jury with the complaint. As discussed *supra*, however, challenges to guilty plea convictions are limited to issues concerning the voluntariness of the plea, the defendant's understanding of the charges against him, and his understanding of the consequences of the plea.

Petitioner waived these three claims when he pleaded guilty.  Respondent has set out relevant caselaw to support this argument, as is noted below:

- A voluntary guilty plea waives non-jurisdictional defects in a criminal proceeding. *Tollett v. Henderson*, 411 U.S. 258, 265 (1973).

- A guilty plea waives the privilege against compulsory self-incrimination that is guaranteed by the Fifth Amendment. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969).

- A long-standing rule exists that a valid guilty plea bars habeas review of non-jurisdictional claims that allege antecedent violations of constitutional rights. *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000).

- Defective indictments are not jurisdictional in nature, and thus are waived when a defendant pleads guilty. *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983).

[ECF 13 at 18-19].  Because none of petitioner's claims are jurisdictional in nature, his guilty plea bars federal habeas relief and should be denied.

## V.
## AEDPA Relitigation Bar

Finally, this Court recognizes that to the extent the state habeas court considered petitioner's claims raised herein, they denied relief.  In order to grant federal habeas corpus relief, a petitioner must demonstrate, and this Court must find, the state court determination of the facts was unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2).  Where applicable, the state court's findings of fact "are 'presumed to be correct' unless the habeas petitioner rebuts the presumption through 'clear and convincing evidence.'" *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. 2006), *quoting* 28 U.S.C. §

2254(e)(1). This presumption extends not only to express findings of fact, but to the implicit findings of the state court as well. *See Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citations omitted). In determining whether the state court decision was unreasonable, this Court must be careful not to substitute its judgment for that of the state court. In other words, a determination that the state court reached the wrong result or that the state court decision was incorrect, is insufficient. Denial of relief based on a factual determination will not be overturned unless it is objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

Alternatively, in order to grant relief, a petitioner must demonstrate, and this Court must find, the state court decision resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). The state court's application of the law must be "objectively unreasonable," not "merely erroneous" or "incorrect." *Cobb v. Thaler*, 682 F.3d 364 (5th Cir. 2012). The AEDPA standard is met only in cases where there is no possibility a fair-minded jurist could disagree that the state court's decision conflicts with Supreme Court precedent. *Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

Petitioner has not met his burden in this regard; therefore, based on the record in the state habeas proceedings, there does appear to be a reasonable basis for the state court's decision in petitioner's case. The relitigation bar of section 2254(d) forecloses relief to petitioner in this federal habeas proceeding.

## VI.
## RECOMMENDATION

For the above reasons and the reasons set forth in respondent's September 15, 2015 Response [ECF 13], it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the petition for a writ of habeas corpus filed by petitioner TEDRICK DEWAYNE MORGAN be DENIED.

## VII.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 2, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A

party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).